■ FRANK FISHMAN, Respondent, v. FLOEREAL CORP., Appellant, et al., Defendant.— Order entered January 10, 1968, insofar as it grants plaintiff's motion for partial summary judgment, reversed, on the law, and the motion denied, and otherwise affirmed, with $50 costs and with disbursements to appellant. It is clear that the principal contract with the Schine Enterprises, of which the McAllister Hotel was an integral part, foundered and thus the defendant had reason for not making payment of liquidated damages to the plaintiff at this time. Paragraph 27 of the agreement in suit permits a deferral of such payment until a " dispute " or " litigation " between Schine and the defendant has been concluded and a judicial determination made as to whether defendant was in default vis-a-vis its package deal with Schine Enterprises, which included the McAllister Hotel. The McAllister transaction being referable to the main contract, cannot be excised and given separate treatment. Notably also, the arbitration clause under scrutiny was broad in the extreme, embracing as it did " any and all controversies or claims under any of the terms and provisions of this agreement." A clause of such wide scope assuredly included disputes relating to the McAllister Hotel. And the renewed demand for arbitration filed pursuant to the order of Mr. Justice HECHT, dated March 29, 1967, relating to the arbitration proceeding, embraced questions relating to the solvency of Schine and the marketability of the McAllister title. With " disputes " not fully concluded and in the absence of any final determination that defendant is in default as to Schine, there remain outstanding mixed questions of law and fact.

In such a posture, the case fairly bristling with issues, the granting of summary judgment is not apt. Indeed, it is an understatement to say that " arguable " issues of fact are present, precluding summary judgment. (See *Sillman* v. *Twentieth Century-Fox Film Corp.*, 3 N Y 2d 395, 404.) Lastly, the award of $1,500, as representing the cost of title examination, must also be reversed. Paragraph 19 of the agreement specified that such cost was not to exceed the net amount as charged by Commonwealth Land Title Insurance Company. As to this there is no proof. Concur — Botein, P. J., McGivern and Rabin, JJ.; McNally and Tilzer, JJ., dissent in the following memorandum by McNally, J.: Plaintiff seeks summary judgment in an action for liquidated damages and the cost of the title examination arising out of an aborted contract for the sale of the McAllister Hotel in Miami, Florida. The contract provides in part: " 27. Seller has advised Purchaser and Purchaser acknowledges that Seller is not now the owner of the property referred to in this contract but that it is the owner of contractual rights as against Schine Enterprises, Inc. to acquire said property. Seller agrees: (a) To make all payments and all tenders of performance (as required under and within the time required under Seller's contract with the present owner relating to the McAllister Hotel and in any event prior to the closing date hereunder) so that Seller can either procure from the present owner of said property title thereto to enable Seller to be able to convey the same in turn to Purchaser or to obtain from the present owner a direct conveyance of said property to the Purchaser, all in accordance with the provisions of the within agreement. (b) Not to release any party with whom Seller has contracted to acquire said property from their obligations to convey said property to Seller. If Seller breaches its obligations under (a) or (b) above, the down payment hereunder shall be returned to Purchaser and Seller shall pay to Purchaser $125,000 additional as liquidated damages for Seller's breach aforesaid. If, however, there is a dispute or litigation between Schine Enterprises, Inc. (Seller's vendor) and Seller, the payment of said liquidated damages shall not be made until the dispute and/or litigation have been concluded and a judicial determination has been made as to whether Seller was in default under its contract with Schine Enterprises, Inc. relating to the McAllister Hotel." Title was to pass January 10, 1967 subject to seller's privilege of postponement not exceeding 20 days in the aggregate to cure defects or objections. By letter dated January 6, 1967 defendant sought an adjournment of the closing of title on the ground that " Disputes have arisen between Schine [defendant's seller] and Floereal relating, among other things, to the time of closing of title to the McAllister Hotel and to other properties covered by the contract between Schine and Floereal." Plaintiff made a formal tender of performance on January 6, 1967. On February 3, 1967, Schine tendered conveyance of the McAllister Hotel to defendant, who refused to make the necessary payment therefor. Plaintiff was ready to take title if defendant accepted title on February 3, 1967. The dispute between defendant and Schine is not defined in defendant's letter of January 6, 1967. Defendant's demand for arbitration dated December 23, 1966 states several categories of disputes without specificity as follows: (1) fraud inducing the contract between defendant and Schine; (2) misrepresentations by and failure to perform on the part of Schine; and (3) adjustments indicated because of a *lis pendens* affecting the Ambassador Hotel properties. Arbitration pursuant to the demand dated December 23, 1966 was stayed because the claim based on fraudulent inducement was not within the scope of the arbitration clause of the agreement between defendant and Schine. Defendant thereafter served a demand for arbitration dated April 6, 1967 seeking arbitration of various disputes with Schine. None of the disputes relates specifically to

the McAllister Hotel. The aspect most favorable to defendant of the various disputes between defendant and Schine is that if they are resolved in its favor defendant will be entitled to damages in excess of the amount required under the contract with Schine to convey title to the McAllister Hotel. If this be assumed, it does not avail the defendant. Plaintiff's contract with defendant is not conditioned on performance of the entire contract between defendant and Schine. The latter contract relates to many properties other than the McAllister Hotel. Under the contract with plaintiff, defendant is required to make all payments relating to the McAllister Hotel as required under defendant's contract with Schine. Under plaintiff's contract, the payment of liquidated damages is to abide the determination of a dispute between defendant and Schine "relative to the McAllister Hotel". Defendant has failed to establish any dispute relative to the McAllister Hotel. Defendant, at most, asserts various claims as to properties other than the McAllister Hotel which, if established, will entitle defendant to damages in excess of the contract payment required to be made by defendant to effect title to the McAllister Hotel. Defendant's legal position is no better than if it alleged inability to make the payment for the McAllister Hotel because it had outstanding receivables upon which it is unable to collect. Defendant has not controverted factually plaintiff's proof of the reasonable value of the title search for which plaintiff made payment. A challenge to the reasonableness of the value of the search made without proof by affidavit that the charge is excessive does not give rise to a factual issue. Accordingly, I would affirm the order granting summary judgment to plaintiff. Appeal from order entered on February 9, 1968, unanimously dismissed, without costs and without disbursements. Concur — Botein, P. J., Tilzer, McGivern, Rabin and McNally, JJ.